WILLIAM McGILL v. AMOS HAWKS AND PATIENCE COKER.

*Mortgage—Priorities—Good-faith purchaser.*

A son mortgaged his land, which was incumbered with an unrecorded purchase-money mortgage, to his mother to secure a loan. The first mortgagee filed a bill to foreclose his mortgage, and have it declared prior in equity to the second mortgage, which had been recorded. The complainant offered testimony tending to show statements by the mother, implying that she knew of complainant's mortgage when she took hers, but thought that, as hers was first of record, she had succeeded in cutting off complainant. And it is held that this testimony, in connection with the fair presumption that the mother must have been more or less familiar with her son's circumstances, particularly as she had previously loaned him $200, and, if thus familiar with his condition, could not have supposed that he was able to pay for the property, fairly leads to the conclusion that she was not a good-faith mortgagee.

Appeal from Cass. (O'Hara, J.) Argued February 10, 1893. Decided March 10, 1893.

Bill to foreclose a mortgage, and have it declared prior in equity to a subsequent mortgage, which was first recorded. Defendant Coker appeals. Decree affirmed. The facts are stated in the opinion.

*Howell & Carr*, for complainant.

*Harsen D. Smith*, for appellant.

MONTGOMERY, J   Complainant filed a bill to foreclose a purchase-money mortgage given to him by defendant Amos Hawks, and to have his mortgage declared to be prior in equity to a subsequent mortgage, executed to defendant Patience Coker by Hawks, which subsequent mortgage was recorded before complainant's. The bill avers that Mrs. Coker took her mortgage with notice, and that it was given and accepted as a part of a scheme to defraud complainant, and was without consideration. The claim of defendant Mrs. Coker is that she had previously loaned defendant Hawks (who is her son) $200, and, that when the mortgage was given, she loaned him $400 more. She claims not to have known of the terms of her son's purchase of the lands, or of the previous mortgage. None but questions of fact are involved.

There was testimony offered by the complainant tending to show statements of Mrs. Coker, implying that she knew of the mortgage to complainant when she took hers, but that she thought that, as hers was first of record, she had succeeded in cutting off complainant. This testimony, taken in connection with the fair presumption that she must have been more or less familiar with her son's circumstances, particularly as she had loaned him $200, and that, if thus familiar with his condition, she could not have supposed that he was able to pay for the property down, fairly leads to the conclusion that she was not a good-faith purchaser. It is true, she offered testimony to show that she in fact had the $400 which she claimed to have advanced, and that she did pay it to her son at the time of the execution of the mortgage; but, even if this be true, it does not necessarily negative notice of the prior incumbrance. Upon this question the evidence is conflict-

ing, but as the circuit judge saw the witnesses, and was able to judge by their appearance upon the stand somewhat of their credibility, we do not feel authorized in disturbing his conclusion.

The decree for complainant will stand affirmed, with costs.

The other Justices concurred.